Good morning, Your Honor. I'm Edgardo Quintanilla, attorney for Mr. Cabrera. Mr. Cabrera is in custody at a federal facility in San Antonio, Texas. The family of Mr. Cabrera is present here before you today. It is ironic that this case is about fire and it's raining outside. The issue is whether the California Penal Code 452 is a crime of violence for immigration purposes. The government should concede that this court has jurisdiction over the legal question of law that is presented to you. In the case of Georgeson v. Gonzalez, 5-1-1134, this court considered a similar statute to the one that is before you. Mr. Quintanilla, because we have so little time to talk together, maybe we should cut right to the chase. The statute doesn't comply with the categorical analysis, but what about the modified categorical analysis? Isn't that really your problem here? Your Honor, the statute does not comply with the categorical approach. The court is correct. The problem is the modified categorical approach. So let's deal with that. In the approach to the modified, when one examines the modified approach under Shepard v. U.S., one has to consider charging documents, terms of the plea. In our circuit, I realize that our jurisprudence on this is struggling because we're trying to understand what the Supreme Court wants to do sometimes. And sometimes within our own court, we're not consistent. But if there are a couple of things that are now pretty clear is that you can look at the charging document, which in this case does indicate that your client did willfully, unlawfully, and maliciously set fire to and burn and cause to be burned the property of another. And then you look at the abstract of judgment, which is one of the documents that we are entitled to examine under the modified categorical approach. Your client pled guilty to that. And under those circumstances, doesn't he have a problem that this indeed fits the very kind of, this is one of the kinds of crimes that is covered in the immigration law? I disagree, Your Honor, because the documents that the court is examining, first of all, the administrative record at page 156 is the criminal complaint. That's a mere allegation. And the mere allegation of a crime does not specifically indicate what property was burned, how it was burned, and the circumstances of burning. So this particular statute that is before you can be violated. Aren't you misconstruing, Taylor? I mean, the real issue here is whether everybody seems to concede that when you look at the face of the statute, it is broader than the crime that we're talking about in this particular case. So we get to the modified categorical approach. Yes, Your Honor. Snellenberger says that we can look at the charging document, which is, of course, the complaint here, and we can look at an abstract of judgment. That's what we also have here. Your client pled guilty to that. And what he pled guilty to, and you tie that with the charging document, does not that qualify as the very kind of crime that makes him ineligible for the relief that he seeks. Your Honor, it does not. The reason is the modified approach is basically asking a lower court. And, by the way, the lower court in this case never undertook a modified approach to the case. There is nothing on the record that says the immigration court. Can't we do that? This is a pure legal question. Yes, Your Honor. You can do that. So if we can do it, why do we have to worry about whether the IJ or the BIA undertook the modified categorical analysis? It's just a note I wanted to make to you. What I would say is that the modified approach does not apply to my case, because there is no factual description about what happened. In the instant case, this — All you need to know is the property of another. I mean, that's the piece that seems to be missing. And isn't that filled in by the documents that Snellenberger says we can consider? No, Your Honor. I believe that the modified approach has to do with the factual circumstances of what happened. Well, let me stop you right there. It would be a crime of violence — I take it you agree it would be a crime of violence if it could be established that the arson concerned the property — person or property of another. Do you agree with that proposition? I would agree with you. And the statute would be violated by setting on fire the charcoal of another person. And that would not necessarily be — That would be another, and that would qualify under the definition of crime of violence. I mean, I can't — I have difficulty imagining that charge being brought. But what is the episode that you submit? How does that fall outside the statute? It does in the sense that in Jorgensen, the Court noted at page 1135, it says, in finding that there was no modified approach to finding that 452 was not a crime of violence, the Court noted the following. There is no amended information, no transcript to the plea colloquy, nor any other document describing the details of the crime to which Jorgensen pled guilty. What requires us to know the details? Why do we need to know anything other than the fact that it was the property of another? Because the modified approach, it has to take into consideration the circumstances, the factual circumstances about what happened. Did this Court deliberately decide, well, we now know more details and we're going to decide for ourselves that even though this fits the definition of crime of violence, we're not going to consider it as such? Is there any law supporting that proposition? Yes. What is the law that supports that proposition? Basically, the modified approach in the sense that under 451D, one can violate it by burning one's own property. But you're talking about the categorical approach, and I thought we started with the proposition that we weren't going to waste each other's time to talk about that, because we agree with you. The categorical approach doesn't apply here. It's too broad. So the question is whether applying the modified categorical approach, whether that satisfies that this was a crime of violence. Judge Clifton has pointed out to you there's no authority, at least I'm unaware of any authority, that requires us to parse the facts of your case. It's the charge in the charging document, and in this case, the abstract of judgment, which under Snellenberger is an acceptable second document to confirm what happened. That's all we need to find, isn't it? No, Your Honor. I believe that yours hints at... We don't even need to get to the hinting. Snellenberger says we can do it. That's a controlling case. I was on that case. It was an en banc case. We are bound by Snellenberger. Right. For your consideration, the fact is that Snellenberger had nothing to do with the particular statute that is... The point is that Snellenberger deals with what we can consult in addition to the charging document to find that there was a crime of violence. And it seems to me, I'm anxious to hear you tell me or show me otherwise, but it seems to me that you've got bingo here. We've got both parts. Your Honor, the argument is, our argument is that in consideration of the modified approach, the Court has to look at the factual circumstances of what happened. In this particular case, there is no description of how this particular property was burned, how it was burned. And why do we need to know that? Because it seems to me that it qualifies as a crime of violence if it is arson to the property of another. And once we know that, I don't think it matters whether it was a large property, a small property, the manner in which the fire was set or whatever. So long as it is a conviction for arson to the property of another, I think that qualifies as a crime of violence. Do you disagree with that? Yes, Your Honor. Because? Because I believe Jordanson is saying that... Inclusion of Jordanson, the part you started to read, is the following sentence. Nothing in the record precludes the possibility that Jordanson was convicted for setting fire to his own property. That's not true in this case because the information we have in front of us that we're allowed to consider specifies that it was the property of another. And that's the problem with the categorical approach that's solved by reference to the documents. I don't think... What's your response to that? How does Jordanson help you since the point of Jordanson is that you couldn't tell it was his own property, and here we know it wasn't his own property. But that's exactly what we don't know. We don't know the circumstances. We don't care about the circumstances because both the charge and the abstract reflect that there was another victim. It gives the name of another victim. What more do we need to know? We need to know what really happened, Your Honor. That is the argument we present to you because the statute might be violated by setting... or have a barbecue started on somebody else's property. Okay. Your time has expired. We understand your position well. We'll hear from the government, but we'll give you a chance to respond. Thank you very much, Your Honor. Good morning, Your Honors. Catherine Clark for the Attorney General. Under the modified categorical approach, the record of conviction does show that Cabrera was convicted of a crime of violence, and that record of conviction that shows this is both the abstract of judgment and the complaint. As the Court mentioned, the complaint does indicate that Cabrera burned the property. It was convicted for, excuse me, the complaint indicates that Cabrera burned the property of another, and the abstract of judgment indicates that he pled to that count of the complaint. Does it matter that he pled NOLO rather than pled guilty? No. First of all, the abstract of judgment does not clearly indicate that he pled NOLO. However, because it was a conviction and it does indicate... The statute says conviction rather than actually did it. Correct. The issue is conviction, and that is exactly the reason why the Court cannot go behind the conviction to the facts of the case, as it is held in Mendez-Alcarez, and that is the problem with the argument that Petitioner is making with respect to whether the circumstances of the case beyond, the circumstances of the arson beyond whether it involves the property of another. Moreover, just to correct something that may, a misapprehension that may be out there, the Board did perform a modified categorical analysis on page four of the administrative record. The Court, of course, would, under the de novo standard of review, be able to do so on its own. However, the Board did do so previously. Also, the abstract of judgment identifies in the restitution order the victim as Alfred Camara, not as the property. It does not claim that the, it does not assert that the property burned was the perpetrator's property. So that in, even if the Court could not look to the complaint, the abstract would prove conviction for burning the property of another. Finally, the government should note that we do not, in fact, concede that this is not a categorical crime of violence for two reasons. In Jordison, the Court named offenses, the Court distinguished between offenses that are not limited to fires that damage the property of others, and offenses that are limited. And it categorized 451D in a footnote as one of the former types of offenses, the offenses that do damage the property of another. Additionally, in Marzulli. Are you saying that our law is not clear, that under the categorical approach, this is not necessarily a crime of violence? Because that was not part of the holding in Jordison. That was a statement in addition to... So would you like an opinion in this case that makes it clear? It is not necessary to do that, no. Pardon me? It is not necessary to... It is not necessary whether the... It's not necessary because you agree that it's not a crime of violence or it's not necessary because you don't want it? We do not agree that there are many double negatives happening, and so I'm not sure I want to go quite that... The government does not concede that this is not a categorical crime of violence. Maybe we do need an opinion then. I don't speak for my colleagues, I speak for myself. Looking at this statute in a categorical fashion, it seems to me that it is not necessarily a crime of violence. My colleagues may differ, although... The problem, as I understand it, is you can have a burning of your own property that's intended to defraud an insurance company, but that doesn't qualify as burning the property of another. Whether that qualifies as a crime of violence is at least an uphill battle. So that's why we have instantly moved to the modified categorical approach, which seems to be, in this case at least, enormously simpler. The modified categorical approach is, of course, dispositive of this case, and so in this case it is not necessary to render such an opinion regarding the categorical approach. That would be dicta, wouldn't it? Indeed. It might be considered dicta. How do we get to the modified categorical approach unless we first rejected the categorical? The... We say we reject it. The... In that case, let me present one additional argument for not rejecting the categorical approach, and that is under the Northern District of... I believe it is the Northern District of Indiana's decision in the United States v. Marzullo, which discussed arson for profit and identified vendors and lenders who have property interests in the burned property of the perpetrator as individuals whose property interests were damaged by the arson. And under that rationale, which was cited by the board in this case, or at least Marzullo was cited by the board in this case, the statute of conviction would be a categorical crime of violence. Many of my childhood years were in Indiana, but on issues of immigration law I suspect that this court is not likely to be turning to that court for a lot of guidance. This is more familiar territory to us. I hear your argument, but it's probably not worth pursuing. Understood. And on that note, unless the court has any additional questions, because the agency reasonably determined that Cabrera was removable as an aggravated felon under the modified categorical approach, it properly denied his motion to terminate, and the court should dismiss the petition. Can I just ask one other thing? And I don't have the record in front of me right here, but did the agency consider the categorical approach and reject it and then go to the modified categorical approach? No, the agency here conducted both a categorical analysis in which it cited Marzullo and other cases. So it found that either way it would work, right? Correct. We can uphold if we choose to do that on either basis, provided one is lawful. Correct. And the court need not get to the categorical approach because of that agency decision under the modified categorical approach. You know, as I read this, you describe the BIA decision absolutely accurately, and as I read it, it's sort of a belt and suspenders. There's a saying, he loses under categorical, says the BIA, and he loses under modified categorical. In my view, the BIA has an erroneous view of the law under categorical. But the court need not reach that question. The suspenders are useful. The suspenders are indeed useful here. There you go. But it might be useful to let the BIA know for future cases that it's wrong on the categorical, if that is our view of the question. The board would then, the board could have an opportunity to speak on that issue by. . . Well, you see, it doesn't really because that's not an area within its expertise. That's a question of statutory interpretation of a state statute. Understood that the standard of review would be de novo. Yeah. Okay. Thank you. Thank you. Would you like a moment to respond? Yes, I do, Your Honor. Three points quickly. The case involves a null or contender plea, and the court should take judicial notice that a plea, this type of plea, is needed in admission, not a denial, and that it cannot be the basis to determine liability in a civil case. The immigration proceedings are quasi. . . It's a combination of civil and criminal procedures. In the Supreme Court case of United Brotherhood of Carpenters and Joiners of America, the United States, 330 U.S., 395, the Supreme Court said, except under extraordinary circumstances, the plea of null or contender leaves open for review but one thing, the sufficiency of an indictment. And our argument is that under a modified approach, one has to look deeper into the factual circumstances that give rise to the crime. Okay. Thank you, Your Honor. Thank you very much. I thank both sides for your helpful argument. I will say that under the circumstances and given the state of the law, you have done the best job you can for your clients. Thank you. Thank you, Your Honor.  The case of Cabrera, Arrucha v. Holder is now submitted for decision.
judges: Fletcher W. , Clifton, Smith M.